# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH HAUKLAND, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>THINK RESOURCES n/k/a RANDSTAD ENGINEERING,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14-cv-145-H-NDHB<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO AMENDED COMPLAINT AND DENYING THE JOINT MOTION TO CONTINUE**<br>[Doc. Nos. 15 & 25]<br><br>**2) DENYING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**<br>[Doc. Nos. 16 & 17] |

On July 9, 2014, Plaintiff Heath Haukland filed a motion for leave to file an amended complaint. (Doc. No. 15.) On August 4, 2014, Defendant Think Resources, now known as Randstad Engingeering ("Randstad") filed a statement of nonopposition to Plaintiff's motion to amend. (Doc. No. 18.) On July 14, 2104, Defendant Randstad filed a motion to dismiss Plaintiff's original complaint. (Doc. No. 16.) On August 4, 2014, Plaintiff filed its response in opposition to Defendant's motion to dismiss. (Doc. No. 19.) A hearing on the motions is currently scheduled for August 18, 2014 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not require oral argument. The Court therefore vacates the scheduled hearing and submits the motion on the parties' papers.

## I.     Plaintiff's Motion to Amend

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id. Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).

Plaintiff's motion to amend is not driven by bad faith or with the intent to cause prejudice or undue delay to the Defendant. Defendant joins Plaintiff's motion and does not dispute the absence of delay or prejudice. (See Doc. No. 18.) After careful analysis of the Johnson factors, the Court, for good cause shown, grants Plaintiff's motion for leave to amend its complaint. See Johnson, 356 F.3d at 1077.

## II.    Defendant's Motion to Dismiss

On January 21, 2014, Plaintiff filed a complaint alleging five causes of action: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of California Labor Code § 510; (3) failure to provide meal and rest breaks in violation of the California Labor Code; (4) failure to pay final wages in violation of California Labor Code §§ 201-203; and (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. (Doc. No. 1.) Plaintiff's complaint specified that he is pursuing his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), and his California state claims as a class action under Federal Rule of Civil Procedure 23. (Id. at 4-5.)

The parties agree that on or about July 8, 2014, Defendant's counsel sent Plaintiff's counsel payment totaling $48,083.76, stating that Defendant intended to satisfy Plaintiff's FLSA claim. (<u>Accord</u> Doc. No. 16-1 at 8 <u>with</u> Doc. No. 19 at 4.) Defendant also offered to pay Plaintiff's reasonable attorneys' fees subject to "review of them and determination of their reasonableness." (<u>See</u> Doc. No. 16-3, Ex. B, at 8-9; Doc. No. 19 at 4.) Plaintiff informs the Court that he did not accept the offer. (Doc. No. 19 at 4; Doc. No. 19-1, Burch Decl., ¶ 6.)

The Ninth Circuit has unambiguously held that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot. <u>Diaz v. First Am. Home Buyers Prot. Corp.</u>, 732 F.3d 948, 953–55 (9th Cir. 2013). Defendant moves to dismiss Plaintiff's complaint on the grounds that is unaccepted offer moots Plaintiff's FLSA claim. (Doc. No. 16-1 at 16.) Based on this record and clear Ninth Circuit law, the Court cannot conclude that any of Plaintiff's claims are moot. Accordingly, the Court denies Defendant's motion to dismiss.[1]

As a result, the Court also denies the parties' joint motion to continue the hearing on Defendant's motion to dismiss as moot. (Doc. No. 25)

## III. Defendant's Motion for Summary Judgment

On July 30, 2014, Defendant filed a motion for summary judgment. (Doc. No. 17.) Defendants argue that Plaintiff's FLSA claim is time-barred because Plaintiff stopped working for Defendant on January 8, 2012, two years and thirteen days before Plaintiff commenced this action. (Doc. No. 17-1 at 11.) FLSA provides that actions must be commenced within two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S. C. § 255(a). Plaintiff's motion to amend informs the Court that

---

[1] The Court also notes that, because Plaintiff will be filing an amended complaint, Defendant's motion to dismiss the original complaint must fail. <u>See Valadez-Lopez v. Chertoff</u>, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended [pleading] supersedes the original, the latter being treated thereafter as non-existent.")

Plaintiff's First Amended Complaint will allege that Defendant violated the FLSA willfully. (See, e.g., Doc. No. 15-1 at ¶ 41.) As a result, Defendant's motion for summary judgment is premature. The Court denies the motion without prejudice.

### Conclusion

The Court grants Plaintiff's motion to amend, denies the joint motion to continue, denies Defendant's motion to dismiss, and denies Defendant's motion for summary judgment as premature. Plaintiff must file its First Amended Complaint on or before **August 28, 2014**. Defendant has thirty days after being served Plaintiff's First Amended Complaint to file an answer or otherwise respond.

**IT IS SO ORDERED**.

DATED: August 14, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT