1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH HAUKLAND, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THINK RESOURCES n/k/a RANDSTAD ENGINEERING,<br><br>Defendant. | **Case No. 14-cv-00145-H-DHB**<br><br>**HAUKLAND'S EXHIBITS IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT**<br><br>Hearing Date: Monday, March 30, 2015<br><br>Time:10:30am<br><br>Location: Courtroom 15A |

| Exhibit | Description | Page Numbers |
|---------|-------------|--------------|
| A | Settlement Agreement & Release of Claims | 1-16 |
| B | Class Notice and Claim Form (California Class) | 17-23 |
| C | Class Notice and Claim Form (FLSA Collective) | 24-29 |

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

This Settlement Agreement is made and entered into as of the dates set forth below individually and on behalf of the Named Plaintiff Heath Haukland ("Haukland"), and the Settlement Classes, all as further defined below, and on behalf of Defendant Randstad Engineering, a division of Randstad Professionals US, LP ("Defendant").

## RECITALS

A.      WHEREAS, Haukland has a pending civil lawsuit against Defendant in the United States District Court for the Southern District of California, *Heath Haukland v. Randstad Engineering*, Case No. 3:14-cv-00145-H (DHB) (the "Action" or "Lawsuit");

B.      WHEREAS, Haukland's contentions of fact and law are as set forth in the First Amended Complaint ("FAC") filed on August 27, 2014, and incorporated herein by reference;

C.      WHEREAS, pursuant to the Fair Labor Standards Act (FLSA), Haukland seeks to pursue a nationwide collective action consisting of similarly-situated current and former employees employed by Defendant, and defined below as the FLSA Collective;

D.      WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Haukland seeks to represent a class of similarly-situated current and former employees employed by Defendant in California, and defined below as the California Class;

E.      WHEREAS, the denials and affirmative defenses of Defendant (as they pertain to the allegations in Haukland's FAC) are as set forth in Defendant's Answer filed on September 29, 2014, which are also incorporated herein by reference; and

F.      WHEREAS, Haukland and Defendant (the "Parties") desire to settle, fully and finally, all claims Haukland and the Settlement Classes might have against Defendant, which relate to any claims for unpaid wages or overtime, meal period violations or unpaid premiums, inaccurate wage statements, late payment of wages, or any other claim that was or could have been brought under any federal or state wage and hour law up through the date of preliminary approval, including all administrative charges or proceedings, unless prohibited by law, but in which case, class members will agree that they will not accept any monetary recovery from such proceedings. The Claims Period for California Class members shall be January 21, 2010 to June 30, 2014 ("California Claims Period"). The Claims Period for the FLSA Collective shall be from February 19, 2012 to June 30, 2014 ("FLSA Claims Period"). The Parties pledge their good faith to work together to obtain approval of the settlement.

NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, it is agreed as follows:

Exhibit A
Ex. Page 1

## TERMS OF SETTLEMENT

### 1.      Requirement of Court Approval

This Settlement Agreement is conditioned upon Court approval; the Parties agree this Agreement shall be null and void in the event Court approval is denied.  The Parties, however, agree to work together, in good faith, to cure any minor or procedural issues that may have caused the Court to initially deny the settlement.

### 2.      Class Certification for Settlement Purposes Only

Upon preliminary approval of this Agreement, the California Class shall be certified for settlement purposes only.

For purposes of settling this action only, the Parties conditionally stipulate that the requisites for establishing class certification have been met with respect to the California Class. Specifically, the Parties conditionally stipulate class certification for settlement purposes only. Defendant expressly reserves the right to oppose class certification should this settlement fail to proceed for any reason.

### 3.      Conditional Certification for Settlement Purposes Only

Upon preliminary approval of this Agreement, the FLSA Collective shall be conditionally certified for settlement purposes only.  Defendant expressly reserves the right to oppose class certification should this settlement fail to proceed for any reason.

### 4.      The Settlement Classes

The Settlement Classes shall consist of the following:

California Class:  All hourly workers employed by Defendant who were paid at "straight time" rates for hours worked in California in excess of 8 in a day and/or 40 in a week during the California Claims Period from January 21, 2010 to June 30, 2014 and who do not opt out of the certified class as set forth in Paragraph 11 of this Agreement.

FLSA Collective:  All hourly workers employed by Defendant in the states of Connecticut, Illinois, Iowa, Maryland, Pennsylvania, New York, South Carolina and Utah who were paid at "straight time" rates for hours worked in excess of 40 in a week from February 19, 2012 to June 30, 2014 (the "FLSA Claims Period") and who opt into the FLSA Collective during the opt-in period set forth in Paragraph 11 of this Agreement.

### 5.      Class Counsel

Subject to court approval, the Parties agree to the designation of Bruckner Burch PLLC as Class Counsel for the Settlement Classes.

**Exhibit A**
**Ex. Page 2**

### 6. Class Representative

Subject to court approval, Defendant will not oppose Plaintiff's request for an enhancement payment not to exceed Fifteen Thousand Dollars and Zero Cents ($15,000.00) ("Class Service Payment") for the Class Representative. The Class Representative will be issued an IRS Form 1099 for this payment. The Class Representative's right to receive a Class Service Payment is contingent on his acceptance of the release and other terms and conditions below. The Class Representative agrees he shall not opt out of the California Class.

### 7. Maximum Settlement Amount

Defendant will pay no more than a sum equal to One Million Two Hundred Fifty Thousand Dollars ($1,250,000) (the "Maximum Settlement Amount") to fund the settlement of this action. Payments by Defendant pursuant to this Agreement will settle all pending issues between Haukland and the Settlement Classes, and Defendant, including but not limited to class member payments, all attorneys' fees and costs, the claims administrator fees, Class Service Payment to the Class Representative, PAGA penalties, and all employee-side payroll taxes. Defendant shall be responsible for its portion of the employer-side payroll taxes.  The payments are not being made for any other purpose and will not be construed as compensation for purposes of determining eligibility for any health and welfare benefits or unemployment compensation.

### 8. Attorneys' Fees and Costs

The parties agree that Haukland may request an award of attorneys' fees from the Court, payable to Bruckner Burch PLLC ("Class Counsel"), and Defendant will not oppose any request in an amount up to 33 and 1/3% of the Maximum Settlement Amount after all costs incurred have been paid. All fees and costs shall be paid from the Maximum Settlement Amount. Payment of attorneys' fees and costs to Class Counsel will be paid directly to Class Counsel as 1099 income. The parties agree that Class Counsel may request reimbursement for costs up to $25,000 from the Maximum Settlement Amount. To the extent the Court approves attorneys' fees in an amount less than the amount requested by Class Counsel, the difference between the requested and awarded amount will be distributed to members of the Settlement Classes who make claims in accordance with the administration and distribution requirements hereunder.

### 9. Class Administration

The cost of paying the Claims Administrator will be deducted from the Maximum Settlement Amount.  The Claims Administrator shall be responsible for establishing a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Service; sending Class Notices and claims forms, and processing responses; making all payments to any person or entity from the settlement amounts; reporting payment of all required tax reporting and taking appropriate withholdings and issuing IRS Forms W-2 and 1099; and communicating the information regarding status of the payments to the Parties' counsel and the Court.  The Parties anticipate the costs of administration will not exceed $10,000.00. All of the costs, fees, and expenses incurred in performing the above listed functions shall be paid out of the Maximum Settlement Amount.

DocuSign Envelope ID: A1BED3A8-6064-4E44-B43E-C67AA2E11527

**10.     Net Settlement Amount**

After deducting the Class Service Payment to the Named Plaintiff, Class Counsel's awarded attorneys' fees and expenses, the Claims Administrator's fees and expenses, and other costs incurred by Haukland or Class Counsel associated with the settlement, sixty percent (60%) of the balance of the Maximum Settlement Amount ("Net Settlement Amount") shall be apportioned to the California Class and forty percent (40%) of the Net Settlement Amount shall be apportioned to the FLSA Class.  The actual amounts paid to the California Class and the FLSA Class will depend upon claims made by the California Class and opt-ins by the FLSA Collective, as set forth below in Paragraph 13.

**11.     Timing of Noticing, Claims, Opt-Outs and Objections**

Subject to Court approval, the following schedule shall apply:

a.      Data to the Claims Administrator.  Within fifteen (15) days of latter of preliminary approval of this settlement or court approval of the settlement notice to the class, Defendant shall provide the Claims Administrator with information on the Settlement Classes as outlined in this paragraph in electronic format.  This information is to be used only for the administration of this settlement.  Defendant shall provide to the Claims Administrator a database that contains the name, last-known mailing address, and social security number of every person within the Settlement Classes.  Defendant shall cooperate and provide any additional information the Claims Administrator may reasonably request for the purpose of giving notice to the members of the Settlement Classes, allocating and distributing the settlement amounts and otherwise administering this Agreement.

b.      Notice to the Settlement Classes.  Within thirty (30) days of the latter of preliminary approval of this settlement or court approval of the settlement notice to the class, the Claims Administrator shall mail the Notice of Pendency of Class Action and Proposed Settlement (hereinafter the "Class Notice") to the members of the Settlement Classes at their addresses last known to Defendant (after standard verification and address correction functions are performed by the Claims Administrator pursuant to standard claims administration industry practices, which shall include running the names through the National Change of Address Database).

The Parties' proposed Class Notice is attached hereto as <u>Exhibit A</u>.  The Class Notice shall include a Claim Form/FLSA Opt-In Form ("Claim Form") and instructions on how to file the Claim Form.  The Claim Form shall set forth the class member's: (i) name, (ii) mailing address, and (iii) an averment that the class member is or was employed by Defendant at some point between January 21, 2010 and June 30, 2014 (for the California Class) or February 19, 2012 to June 30, 2014 (for the FLSA Collective).

The Class Notice will also instruct California Class members on how to exclude themselves from the California Class. The Class Notice will state that any class member who wishes to exclude him or herself from the California Class will need to send a communication in writing to the Settlement Administrator advising the Settlement Administrator of the intention to be excluded (a "Request for Exclusion").  The Request for Exclusion should state the class

member's name, current address, phone number and social security number and should be signed by the class member or a lawful representative. The communication must be received by the Settlement Administrator no later than sixty (60) days after the initial mailing of the Class Notice.

The Class Notice shall advise class members that they have sixty (60) days after the initial mailing of the Class Notice ("Claims Deadline") to do at least one of the following:

   i.     (For FLSA Collective and California Class) File a Claim Form by U.S. Mail, which must be postmarked by the Claims Deadline; or

   ii.    (For California Class) Request exclusion via U.S. Mail, express mail, facsimile, or some other means guaranteed to reach the Administrator which must be actually received by the Deadline; and/or

   iii.   (For California Class) File an objection to final approval of the proposed settlement with the Clerk of the Court and serve it on all undersigned counsel.

As a condition of receiving any settlement payment under this Agreement, each member of the Settlement Classes must submit a valid Claim Form prior to the Claims Deadline. For any untimely Claim Forms submitted prior to the distribution of the settlement proceeds the Parties shall meet and confer regarding whether the Claim Form will be accepted and processed for payment. If the Parties cannot agree, then the Claims Administrator shall decide whether the Claim Form will be accepted and processed for a settlement payment.  No member of the California Class may submit both a Request for Exclusion pursuant to the terms of this paragraph above and a Claim Form.  If any California Class member submits both a Request for Exclusion and a Claim Form, the Claim Form will govern and the Request for Exclusion will not.

   c.     Re-mailing of Returned Class Notices.  If any Class Notices are returned as undeliverable and received by the Claims Administrator, the Claims Administrator shall re-mail same to any better address which may be reasonably available to the Claims Administrator. The Claims Administrator will perform one skip-trace on any addresses returned as undeliverable.

   d.     Waiver of Objections.  Members of the Settlement Classes who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, unless otherwise ordered by the Court.  The Parties' counsel may, at least ten (10) days (or such other date as may be set by the Court) before the Final Approval Hearing, file responses to any written objections filed with the Court.

   e.     Report by Claims Administrator.  Within fourteen (14) days following the Claims Deadline, the Claims Administrator will provide a written report to the Parties' counsel noting the number of Class Notices sent, the number which were returned as undeliverable (after the follow up described above), the number of valid opt-outs by California Class members, and the number of Claim Forms filed. Prior to the due date for this report, the Claims Administrator

will reasonably respond to requests from any party's counsel for a report on the current status of the claims and opt-out procedures.

      f.    **Solicitation of Opt-Outs.** The Parties and their respective counsel are proponents of the Settlement Agreement, and believe same is fair, adequate and reasonable. It is therefore agreed that neither the Parties nor their respective counsel will encourage persons to opt-out of the settlement, except to the extent that failure to do so would cause Class Counsel to violate their obligations as counsel to any member of the Settlement Classes.

## 12. Funding of Settlement

Defendant will provide the Administrator with sufficient funds to pay the approved claims as certified in writing by the Claim Administrator, and the authorized notice and administrator costs, within 15 days after the Effective Date.

## 13. Calculation of Payments to Members of the Settlement Classes

Each member of the Settlement Classes who returns a valid, timely, and properly executed Claim Form will be entitled, provisionally, to a share of the Net Settlement Amount. The distribution formula will be as follows:

California Class

- The Parties agree that Sixty percent (60%) of the Net Settlement Amount shall be allocated to the California Class.

- The portion of the Net Settlement Amount designated for the California Class will be proportionally allocated to the members of the California Class based on the actual overtime hours worked and the individual class member's hourly rate during the Claims Period, as established by Defendant's records. Any overtime hours worked by a California Class member before the Claims Period will be excluded from that class member's settlement payment.

- California Class members will only receive their portion of the Net Settlement Amount if they submit a valid, timely, and properly executed Claim Form.

- The amount actually distributed to the participating California Class members will equal at least seventy percent (70%) of the portion of the Net Settlement Amount allocated to the California Class. If the total settlement payments to participating California Class members would equal less than seventy percent (70%) of the Net Settlement Amount allocated to the California Class, the Claims Administrator will proportionately increase the settlement payment for each participating California Class member to ensure that the total settlement payments to the California Class equal seventy percent 70% of the Net Settlement Amount allocated to the California Class. Any unclaimed amounts above seventy percent 70% of the Net Settlement Amount allocated to the California Class will be the exclusive property of Defendant.

FLSA Collective

- The Parties agree that forty percent (40%) of the Net Settlement Amount shall be allocated to the FLSA Collective.

- The portion of the Net Settlement Amount designated for the FLSA Collective will be proportionally allocated to the members of the FLSA Collective based on the actual overtime hours worked and the individual Collective Member's hourly rate for the period of 3-years prior to the Collective members' opt-in date, as established by Defendant's records. Any overtime hours worked more than 3 years prior to the date that the FLSA Collective member submits his or her opt-in consent form will be excluded from that opt-in's settlement payment.

- FLSA Collective members will only receive their portion of the Net Settlement Amount if they submit a valid, timely, and properly executed Claim Form.

- Any portion of the Net Settlement Amount designated for FLSA Collective members who do not submit a valid, timely, and properly executed Claim Form shall remain the exclusive property of Defendant.

The amounts paid to the class members will be allocated as follows, for tax purposes: fifty percent (50%) as wages, to be reported on a Form W-2, and fifty percent (50%) liquidated damages and interest, to be reported on a Form 1099. Tax forms will issue as required by law. For the portion of the Settlement Class members' settlement proceeds that constitute wages, any taxes, except the employer side FICA, FUTA, and SDI contributions shall be paid from the Maximum Settlement Amount.

The receipt of settlement payments under the terms of this Agreement shall not affect participation in, eligibility for, vesting in, the amount of any past or future contribution to, or level of benefits under any benefit plan. Any amounts paid will not impact or modify any previously credited hours of service or compensation taken into account under any employee benefit plan sponsored or contributed to by Defendant or any jointly-trusteed benefit plans. For purposes of this Agreement, "benefit plan" means each and every "employee benefit plan" as defined in 29 U.S.C. § 1002(3), and any other bonus, pension, stock option, stock purchase, stock appreciation, welfare, profit sharing, retirement, disability, vacation, severance, hospitalization, insurance, incentive, deferred compensation, or any other similar benefit plan providing benefits for one or more current or former employees and/or their beneficiaries.

Payment checks that remain uncashed 6 months after such checks are mailed by the Claims Administrator shall escheat pursuant to the laws of the State in which the claimant resides.

**14.     Timing and Manner of Payment**

Within thirty (30) days after the "Effective Date", the Claims Administrator will pay the attorneys' fees and costs awarded to Class Counsel, and any Class Service Payment awarded to the Class Representative, by wire transfer or check as directed by Class Counsel (with regard to

**Exhibit A**
**Ex. Page 7**

their own award, and that of the Class Representative). The term "Effective Date" as used herein means the first day following the last of the following occurrences: (A) The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or (B) If an appeal or other judicial review has been taken or sought: (i) the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Judgment is entered by the District Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Subsection shall apply.

Payments to members of the Settlement Classes eligible to receive payments under this Agreement shall be made within the later of thirty (30) days after the Effective Date and thirty (30) days after the Claims Deadline defined in Paragraph 11 of this Agreement.

## 15. No Tax or Legal Advice

The Parties understand and agree that Defendant is not providing tax or legal advice, or making representations regarding tax obligations or consequences, if any, related to this Agreement, and that members of the Settlement Classes will assume any such tax obligations or consequences that may arise from this Agreement, and that members of the Settlement Classes shall not seek any indemnification from Defendant in this regard. The Parties agree that, in the event that any taxing body determines that additional taxes are due from any members of the Settlement Classes, such member assumes all responsibility for the payment of any such taxes and agrees to indemnify, defend and hold Defendant harmless for the payment of such taxes, any failure to withhold, and any penalties associated therewith.

## 16. Tolerance of Opt-Outs

Notwithstanding any other provision of this Agreement, Defendant retains the right, in the exercise of its sole discretion, to nullify the settlement of the Lawsuit within thirty (30) days after expiration of the opt-out period set forth in Paragraph 11, if 10% or more of the California Settlement Class members opt out of this settlement.

## 17. Non-admission of Liability

This Agreement is entered into in compromise of disputed claims. Haukland and his attorneys acknowledge and agree that the execution of this Agreement and the payment of consideration hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant or any other person or business entity affiliated with Defendant, and that Defendant denies all allegations of wrongdoing alleged by Haukland. The Parties intend, by their actions pursuant to this Agreement, merely to avoid the expense, delay, uncertainty and burden of litigation.

DocuSign Envelope ID: A1BED3A8-6064-4E44-B43E-C67AA2E11527

18.      **Release by the California Class**

This settlement resolves all claims of the California Class, arising out of or related to the claims and facts asserted in the Lawsuit, up to and through the date of June 30, 2014.  Upon final approval of this Settlement Agreement, each member of the California Class, regardless of whether that member submitted a timely claim, to the extent permitted by law, releases Defendant and any of its current or former subsidiaries, parent entities, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, and those plans' respective trustees, administrators, and fiduciaries (collectively "Releasees"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action contingent or accrued for, which relate to any claims for the nonpayment of or failure to pay wages, minimum wages, or overtime, meal period violations or unpaid premiums, inaccurate wage statements, late payment of wages, or any other claim that was or could have been brought under any federal or state wage and hour law, including without limitation to, breach of contract claims; California Labor Code claims (including any claims under PAGA) or California Business & Professions Code (including Section 17200, *et seq.*) claims; claims for restitution and other equitable relief, liquidated damages, or punitive damages; claims for waiting time penalties, unpaid wages or overtime, unpaid meal or rest break premiums, or penalties of any nature whatsoever, or any other benefit claimed under federal or state wage and hour law; and for California Class members who opt into the FLSA Settlement, a release of all claims under the FLSA.  Upon final approval of this Settlement Agreement, each member of the FLSA Collective who opts into the settlement, releases Releasees from any and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, punitive damages, interest, and attorneys' fees and expenses, whether known or unknown.  This includes all claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and any applicable state laws (*e.g.*, claims under any state statute, regulation, or for breach of contract and/or quantum meruit).  This release shall apply to all claims arising up to and including June 30, 2014. This release shall not include any claims for personal injuries, claims for retirement benefits, or claims unrelated to purported violations of federal or state wage and hour laws.

In exchange for the good and valuable consideration set forth herein, Haukland, for himself and the members of the Settlement Classes, waive any and all rights or benefits that they as individuals or the classes may now have in connection with the Released Claims under the terms of Section 1542(a) of the California Civil Code (or similar statute or common law rule in effect in any other jurisdiction), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

Settlement Agreement and General Release of Claims

**Exhibit A**
**Ex. Page 9**

19.     **Release by the FLSA Collective**

Upon final approval of this Settlement Agreement, each member of the FLSA Collective who opts in to the settlement, releases Releasees from any and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, punitive damages, interest, and attorneys' fees and expenses, whether known or unknown.  This includes all claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and any applicable state laws (*e.g.*, claims under any state statute, regulation, or for breach of contract and/or quantum meruit).  This release shall apply to all claims arising from February 19, 2012 up to and through June 30, 2014. This release shall not include any claims for personal injuries, claims for retirement benefits, or claims unrelated to purported violations of federal or state wage and hour laws.

20.     **General Release and Waiver by Plaintiff Heath Haukland**

In consideration for the promises set forth in this Agreement, Plaintiff Heath Haukland does hereby – for himself and for his spouse, if any, heirs, representatives, attorneys, executors, administrators, successors, and assigns – release, acquit, and forever discharge Defendant and Releasees from any and all actions, cause of actions, obligations, costs, expenses, damages, losses, claims, liability, suits, debts, demands, and benefits (including attorneys' fees and costs), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, now existing or arising in the future, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the date of execution hereof, including but not limited to any claims or causes of action arising out of or in any way relating to Plaintiff's employment with Defendant or which have been or could have been made in the Complaints.

Plaintiff agrees that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenant; claims for promissory estoppel; claims of entitlement to any pay, including commissions; claims of wrongful denial of insurance and employee benefits; claims for wrongful termination, retaliatory discharge or public policy violations of whatever kind or nature, defamation, invasion of privacy, fraud, misrepresentation, emotional distress or other common law or tort matters; claims for any penalties; claims of harassment, retaliation or discrimination based on race, color, religion, sex, sexual orientation, national origin, ancestry, physical or mental disability, medical condition, marital status, or any other protected status; claims under the California Labor, Government, Business and Professions, and Health and Safety Codes; claims based upon the California Constitution; claims based on any federal, state or other governmental statute, regulation or ordinance, including, without limitation, the California Confidentiality of Medical Information Act, the California Fair Employment & Housing Act, the California Unfair Business Practice Act, disputed claims under the California Wage Orders, the California Labor Code, the California Family Rights Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Labor Management Relations Act, and the Family Medical Leave Act, all as amended.

DocuSign Envelope ID: A1BED3A8-6064-4E44-B43E-C67AA2E11527

21.     **Plaintiff's Individual Release of Unknown Claims**

For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the release he gives in this Agreement is intended to include in its effect, without limitation, claims that he did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims. In furtherance of this settlement, Plaintiff waives any rights he may have under California Civil Code Section 1542 (and other similar statutes and regulations). Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

22.     **Covenant Not To Sue.**

A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It is different than the General Waiver and Release by Plaintiff in Paragraph 20. Plaintiff agrees not to sue any of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraph 20. If Plaintiff violates this Master Agreement by suing the Releasees, Plaintiff shall be liable to those Releasees who are named as parties to such a lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. This Paragraph shall not apply if Plaintiff sues to enforce the terms of this Agreement or for a breach of this Agreement.

23.     **Advice of Counsel**

The Parties to this Agreement are represented by competent counsel, and they have had an opportunity to consult with counsel. The Parties to this Agreement agree that it reflects their good faith compromise of the claims raised in the Lawsuit, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

24.     **Predecessors and Successors**

This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, predecessors and successors, insurers, and assigns, and shall inure to the benefit of each and all of the Releasees, and to their heirs, representatives, executors, administrators, successors, and assignees.

25.    **Enforcement Actions**

In the event that one or more of the Parties to this Settlement Agreement institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any enforcement actions. The United States District Court for the Southern District of California shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement.

26.    **Notices**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the fifth calendar day after mailing by First Class U.S. Mail, addressed as follows:

To Class Counsel for Plaintiff:

Richard Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046

To Counsel for Defendant

Benjamin Briggs
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA  30309

27.    **Motion for Preliminary Approval of Settlement**

Haukland shall prepare and file a Motion for Preliminary Approval of Proposed Class Settlement and Notice Plan by February 19, 2015 in accordance with Fed. R. Civ. P. 23(e), applicable Local Rules and Court's January 20, 2015 Order.  Defendant and Defense Counsel will cooperate with Plaintiff's Counsel as reasonably necessary in the preparation of the Motion for Preliminary Approval of Proposed Class Settlement and Notice Plan.

28.    **Final Settlement Hearing**

A Final Settlement Hearing to determine final approval of the settlement shall be conducted subject to the calendar of the Court.  No later than 10 days before the Final Settlement Hearing, Plaintiff shall file a memorandum of points and authorities in support of the settlement. Upon final approval of the settlement by the Court at or after the Final Settlement Hearing, the Parties shall present the proposed Final Judgment and Order Approving Class Settlement and Dismissing Class Actions with Prejudice ("Final Judgment"), substantially in the form of Exhibit A, to the Court for its approval and entry.  After entry of the Final Judgment, the Court shall have continuing jurisdiction over the litigation solely for purposes of (i) enforcing this

Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Final Judgment matters as may be appropriate under court rules or applicable law.

Should the Court decline to approve this Agreement in any material respect, except for approval of the award of Class Counsel's attorneys' fees and costs, class representative enhancement awards, or claims administration costs, or fail to dismiss the Lawsuit with prejudice, Defendant shall have no obligation to make any payment under this Agreement, and in the event that Defendant has made any such payment, such monies shall be returned promptly to Defendant (minus Defendant's one-half share of any claims administration costs already reasonably incurred by the Claim Administrator; the other one-half share of any administration costs to be paid by Class Counsel).

### 29.   Miscellaneous

a.      The language of all parts in this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party.

b.      Should any provision in this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable.

c.      This Agreement constitutes a single, integrated contract setting forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings between the Parties pertaining to the subject matter of this Agreement.

d.      The headings used herein are for reference only and shall not affect the construction of this Agreement.

e.      This Agreement is made and entered into in the State of California and shall in all respects be interpreted and governed under the law of that State.

f.      This Agreement may be executed in one or more counterparts, by facsimile or original signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated:   2/25/2015                        By: _____  _____
                                                  773808412951490...
                                               Heath Haukland
                                               Plaintiff and Class Representative

Dated: _____   By:_____
                                               Defendant

the event that Defendant has made any such payment, such monies shall be returned promptly to Defendant (minus Defendant's one-half share of any claims administration costs already reasonably incurred by the Claim Administrator; the other one-half share of any administration costs to be paid by Class Counsel).

### 29.   Miscellaneous

a.     The language of all parts in this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party.

b.     Should any provision in this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable.

c.     This Agreement constitutes a single, integrated contract setting forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings between the Parties pertaining to the subject matter of this Agreement.

d.     The headings used herein are for reference only and shall not affect the construction of this Agreement.

e.     This Agreement is made and entered into in the State of California and shall in all respects be interpreted and governed under the law of that State.

f.     This Agreement may be executed in one or more counterparts, by facsimile or original signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: _____     By:_____
                                  Heath Haukland
                                  Plaintiff and Class Representative

Dated: 2·24·15           By: _Wendy Catino_____
                             Defendant   Deputy General Counsel

**APPROVED AS TO FORM:**

Dated: _____     By:_____
                                  Richard J. Burch
                                  Bruckner Burch PLLC
                                  Counsel for Plaintiff Haukland and the Class

13

Settlement Agreement and General Release of Claims

**Exhibit A**
**Ex. Page 14**

**APPROVED AS TO FORM**:

Dated: _2/25/2015_____          By:_____
                                    Richard "Rex" Burch
                                    C1099A255179453...
                                    Richard J. Burch
                                    Bruckner Burch PLLC
                                    Counsel for Plaintiff Haukland and the Class


Dated: _____     By:_____
                                    Benjamin Briggs, Esq.
                                    Seyfarth Shaw LLP
                                    Counsel for Defendant

Dated: 2/26/15                     By: _____
                                       Benjamin Briggs, Esq.
                                       Seyfarth Shaw LLP
                                   Counsel for Defendant

Exhibit A
Ex. Page 16

**Notice of Pendency of Class and Collective Action Settlement**

*Haukland v. Randstad Engineering, a division of Randstad Professionals US, LP*
U.S. District Court, Southern District of California
Case Number 3:14-cv-00145-H (DHB)

This notice pertains to a class action settlement that may affect your rights.  You should read this notice carefully.

You may be eligible to participate in this settlement as a member of the California Settlement Class if:

1.      You were employed in California by Randstad Engineering, a division of Randstad Professionals US, LP, and were paid at "straight time" rates for hours worked in excess of 40 in a week between January 21, 2010 to June 30, 2014; and

2.      You complete and return the enclosed Consent to Join Litigation, Claim Form, and Release (hereafter, "Claim Form"), postmarked no later than [insert 60 days from mailing of notice].

Your potential share of the settlement is approximately ___. Your share is an estimate and is subject to change.

| **What is this Lawsuit about?** |
| --- |

In January 2014, Heath Haukland filed a lawsuit in the U.S. District Court for the Southern District of California, alleging Randstad Engineering, a division of Randstad Professionals US, LP (the "Company" or "Randstad"), failed to pay him and other similarly-situated employees overtime as required by federal and California law (the "Lawsuit").  Mr. Haukland asserts these claims as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of a proposed group of employees who had worked for Randstad, including you.

Randstad has, at all times, disputed Mr. Haukland's claims and has consistently maintained that he and the individuals whom he sought to represent were paid appropriately.

The Court has not reached any conclusions about the merits of the case, and there has been no finding of wrongdoing by Randstad.  If this matter were to proceed in litigation, Randstad would continue to assert the defenses that it has stated to Mr. Haukland's claims.

| **Why am I receiving this notice?** |
| --- |

In order to avoid the continued expense and uncertainties of litigation, and after extensive negotiations, the parties have agreed to a resolution of the claims that Mr. Haukland has asserted in the Lawsuit.

1

The Court has granted preliminary approval of the Settlement. Therefore, members of a California Settlement Class that includes individuals employed by Randstad Engineering in California between January 21, 2010 to June 30, 2014 and who were paid at "straight time" rates for hours worked in excess of 40 in a week may elect to participate in the Settlement. Those eligible individuals who elect to participate in the Settlement may join the Lawsuit and may receive payments based on a formula established by the parties' agreement.

| **What is the proposed settlement?** |
| --- |

The following is a summary of the settlement provisions reached between the parties to the Lawsuit (the "Settlement"). The specific and complete terms of the proposed settlement are stated in the Class and Collective Action Settlement Agreement and Release of Claims and any amendment thereto (the "Settlement Agreement"), a copy of which is filed with the Clerk of the Court, and which is also available from the Claims Administrator at the address and phone number listed below.

Pursuant to the Settlement Agreement, Randstad has agreed to pay to members of the California Settlement Class who do not opt out of the lawsuit and who submit valid and timely Claim Forms under a formula that will be proportionally allocated based on the actual overtime hours worked and the individual California Settlement Class member's hourly rate during the Claims Period, as reflected in Defendant's records.

In addition, Randstad has agreed not to contest the payment of an enhancement award to the class representative, Heath Haukland, of up to $15,000 and the payment of Class Counsel's attorneys' fees of up to 33 1/3% the maximum settlement amount and reimbursement of costs already expended up to $30,000. The fees incurred by the Claims Administrator in administering the class settlement also will be paid from the settlement amount.

Randstad has agreed to pay all valid and timely claims from individuals who do not opt out and who timely submit a Claim Form to the Claims Administrator in accordance with the terms of the Settlement Agreement, after final approval of the class action settlement. These settlement payments will be distributed by the Claims Administrator approximately 30 business days after the effective date of the final approval, provided there is no appeal of the Court's final approval of the class action settlement.

Your potential share of the settlement is approximately _____ . Your share is an estimate and is subject to change. This estimate is based on a formula that proportionally allocates settlement payments based on the actual overtime hours you worked and your hourly rate during the Claims Period, as reflected in Randstad's records. According to Randstad's records, you worked a total of ___ weeks by Randstad Engineering in California and were paid at "straight time" rates for hours worked in excess of 40 in a week between January 21, 2010 to June 30, 2014. If you believe that Randstad's records regarding the total number of weeks you worked during the relevant time period in the relevant states, you may contact the Claims Administrator at the number provided below to provide documentation and an explanation to the Claims Administrator to show different relevant dates of employment. This may result in an increase of you share, however, if there is a dispute, Randstad's records control.

2

Class Members will be required to keep the Claims Administrator updated of any changes in address until receipt of their Settlement payment.

Class Counsel's application for an award of attorney's fees and costs will be filed by [date], and may be examined in person at the U.S. District Court, Southern District of California, Office of the Clerk, 333 West Broadway, Suite 420, San Diego, CA, 92101, between the hours of 10:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays, or online at <www.pacer.gov>.  You also may obtain a copy of the application from the Claims Administrator at the address and phone number listed below.

| **What are My Options?** |
| --- |

1.   To get money from the settlement you **must** complete and sign the enclosed Claim Form and return it to Claims Administrator, [insert name and address of TPA], **postmarked-on or before** [insert 60 days from mailing of notice]. The Claims Administrator will process the Claim Form and send you a check at a later date.  **If you fail to timely return a completed and signed Claim Form you will not receive any money from the settlement, but you will still release any claims based on the allegations in the Lawsuit, other than claims alleged under the federal Fair Labor Standards Act.**

2.   If you do not wish to participate in or be bound by the settlement, you may request exclusion from the settlement by mailing a letter to the Claims Administrator, [insert name and address of TPA], **post-marked on or before** [insert 60 days from mailing of notice].  This letter should state "I wish to be excluded from the *Haukland v. Randstad Engineering* settlement," and should include your full name, any prior names used during your employment with Randstad Engineering, the last four digits of your Social Security Number, all printed legibly, and the letter must be signed by you and dated.

If you request exclusion, you will not receive any money from the settlement, nor will you be considered to have released your claims alleged in the class action.  If you request exclusion from the class action settlement, you may not pursue any recovery under the class action settlement.  You may, however, pursue other remedies separate and apart from the class action settlement that may be available to you.

**Do NOT return both a Claim Form and a letter requesting exclusion.**  Should you do so, the Claims Administrator will attempt to reach you to clarify your intentions.  If the Claims Administrator is unable to reach you or does not otherwise receive clarification in a timely manner that you intended to request exclusion, you will be deemed to have made a claim and your request for exclusion will be deemed invalid.

3.   If you are a California Class Member, and you do not exclude yourself from the settlement class, you may object to the settlement before final approval of the settlement by the Court.  If you choose to object to the settlement, you may enter an appearance *in propria persona* (meaning you choose to represent yourself), or through an attorney that you hire and pay for yourself.

In order to object to the settlement, or any portion of it, you must mail a written statement of objection by first class mail to the Claims Administrator [insert name and address of TPA], **post-marked on or before** [insert 45 days from mailing of notice].  Objections must be timely mailed in this manner in order to be considered by the Court.  If you intend to object to the settlement, but wish to receive your share of the settlement proceeds, ***you must timely return the enclosed Claim Form as indicated herein.***  If the Court approves the settlement despite any objections and you have not returned the enclosed Claim Form, you will NOT receive a share of the settlement proceeds.

    4.  If you are a California Class Member and you do not file a claim or do not exclude yourself from the settlement class, you will be bound by the settlement, receive none of the settlement proceeds, and be barred from separately pursuing the claims released by the settlement *except* for claims under the Fair Labor Standards Act, which will not be released.

The judgment will bind all members of the California Settlement Class who do not request exclusion as to all claims except for claims under the Fair Labor Standards Act.  Any Class Member who does not request exclusion may, if the member so desires, enter an appearance through his or her own lawyer.

| No Retaliation |
| :---: |

Whether you are a current or former employee of Randstad, your decision to participate in the Settlement or not participate in the Settlement will in no way affect your employment, or prospects for future employment, with Randstad.

| Do I Need an Attorney? |
| :---: |

You are not required to retain an attorney, regardless of whether you choose to join the Lawsuit and participate in the settlement.  You are represented by Mr. Haukland's attorneys by virtue of having joined the Lawsuit.  Mr. Haukland's attorneys also have been appointed "Class Counsel" and will represent the interests of the members of the settlement class.  Mr. Haukland's attorneys are Richard J. Burch, Bruckner Burch PLLC, 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, (713) 877-8788, and Christopher A. Olsen, Olsen Law Offices, APC, 1010 Second Avenue, Suite 1835, San Diego, California 92101, (619) 550-9352.

Any attorneys' fees payable to Class Counsel will be paid out of the settlement funds.  You will not be charged fees for the services of Class Counsel, regardless of whether you choose to join the Lawsuit or participate in the settlement.

To the extent that you choose to consult or retain another attorney regarding this matter, you may, of course, do so at your own expense.

**Final Approval of the Settlement**

A hearing on final Court approval of the settlement has been set for [DATE], at [TIME] in Courtroom 15-A of the U.S. District Court Annex, Southern District of California, located at 333 West Broadway, San Diego, California 92101.  The hearing may be continued (moved to another date) without further notice to the Settlement Class.  It is not necessary for you to appear at the final approval hearing.

**Who can Answer Questions about the Settlement?**

For more information about the settlement, or to obtain copies of the settlement agreement or the application for attorneys' fees (once it is available), you may contact the Claims Administrator or Class Counsel at:

Claims Administrator: *Haukland v. Randstad Engineering*
c/o [Insert Claims Administrator]

Class Counsel:
Richard J. Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(800) 443-2441
rburch@brucknerburch.com

**Please do not contact the Court regarding this matter**.

The Court's staff cannot provide legal advice or answer any questions regarding this matter.  If you have questions, please contact the Claims Administrator or Class Counsel.

5

CONSENT TO JOIN LITIGATION, CLAIM FORM & RELEASE

*Haukland v. Randstad Engineering*
U.S. District Court, Southern District of California, Case Number 3:14-cv-00145-H (DHB)

As described in the attached Notice of Settlement of Collective Action Lawsuit ("Notice"), you may be eligible to participate in a settlement (the "Settlement") reached between the parties in a lawsuit captioned *Haukland v. Randstad Engineering*, U.S. District Court, Southern District of California, Case Number 3:14-cv-00145-H (DHB) (the "Lawsuit").

**This is your Consent to Join Litigation, Claim Form & Release ("Claim Form") as discussed in the Notice.  In order to receive money in conjunction with the Settlement, you must sign, date and return this Claim Form to the Claims Administrator no later than [DATE 60 DAYS AFTER MAILING]**

**DO NOT ALTER THIS CLAIM FORM IN ANY WAY.  Claim Forms that are altered, unsigned, or untimely will be invalid and may preclude you from participating in the Settlement.**

## RELEASE OF CLAIMS

By signing below, I hereby fully, forever, irrevocably and unconditionally release, remise, and discharge Randstad Engineering and Randstad Professionals US, LP and any of their current or former subsidiaries, parent entities, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, and those plans' respective trustees, administrators, and fiduciaries (collectively "Releasees"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action contingent or accrued for, which relate to any claims for the nonpayment of or failure to pay wages, minimum wages, or overtime, meal period violations or unpaid premiums, inaccurate wage statements, late payment of wages, or any other claim that was or could have been brought under any federal or state wage and hour law, including without limitation to, breach of contract claims; California Labor Code claims (including any claims under PAGA) or California Business & Professions Code (including Section 17200, et seq.) claims; claims for restitution and other equitable relief, liquidated damages, or punitive damages; claims for waiting time penalties, unpaid wages or overtime, unpaid meal or rest break premiums, or penalties of any nature whatsoever, or any other benefit claimed under federal or state wage and hour law; and for California Class members who opt into the FLSA Settlement, a release of all claims under the FLSA.  Upon final approval of this Settlement Agreement, each member of the FLSA Collective who opts into the settlement, releases Releasees from any and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, punitive damages, interest, and attorneys' fees and expenses, whether known or unknown.  This includes all claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and any applicable state laws (e.g., claims under any state statute, regulation, or for breach of contract and/or quantum meruit).  This release shall apply to all

6

claims arising up to and including June 30, 2014. This release shall not include any claims for personal injuries, claims for retirement benefits, or claims unrelated to purported violations of federal or state wage and hour laws.

<u>Waiver of California Civil Code Section 1542</u>.  I acknowledge that I may have claims that are presently unknown and that the release contained in this Claim Form is intended to forever discharge all released claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which if known, might have affected the decision to enter into this release.  I understand that I shall be deemed to waive, as to the released claims, any right conferred by any law that limits a person's release of unknown claims.  In making this waiver, I understand that I may discover facts in addition to or different from those that are currently known or believed to be true with respect to the released claims, but agree that it is my intention to forever release any and all released claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts.  The foregoing waiver includes, without limitation, an express waiver, as to the released claims, to the fullest extent permitted by law, any and all rights under California Civil Code section 1542, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his or her settlement with the debtor."**

In addition, I also expressly waive, as to the released claims any right that is similar, comparable, or equivalent to California Civil Code § 1542.

<u>CONSENT TO JOIN LITIGATION</u>

By signing below, I consent to join the Lawsuit as a Party Plaintiff pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of participating in the parties' Settlement, and I hereby authorize Class Counsel to file this Claim Form with the U.S. District Court for the Southern District of California.

I understand my estimated share of the Settlement is $_____, but that this amount is an estimate and my final share may be more or less than the amount listed here.

By signing below, I agree to both the <u>Release of Claims</u> and the <u>Consent to Join Litigation</u> provisions described above.

_____     _____
Signature                                                                      Date

7

**Official Court Notice of Settlement of Collective Action Lawsuit**

*Haukland v. Randstad Engineering, a division of Randstad Professionals US, LP*
U.S. District Court, Southern District of California
Case Number 3:14-cv-00145-H (DHB)

This notice pertains to a collective action settlement that may affect your rights.  You should read this notice carefully.

You may be eligible to participate in this settlement as a member of the FLSA Collective if:

1.  You were employed by Randstad Engineering, a division of Randstad Professionals US, LP ("Randstad"), and worked in Connecticut, Illinois, Iowa, Maryland, Pennsylvania, New York, South Carolina or Utah and were paid at "straight time" rates for hours worked in excess of 40 in a week between February 19, 2012 and June 30, 2014 (the "Claims Period"); and

2.  You submit a Consent to Become a Plaintiff in a federal case captioned *Haukland v. Randstad Engineering*, U.S. District Court for the Southern District of California, Case No. 3:14-cv-00145-H (DHB) by [insert 60 days from mailing of notice].

Your potential share of the settlement is approximately ___.  Your share is an estimate and is subject to change.

| What is this Lawsuit about? |
|---|

In January 2014, Heath Haukland filed a lawsuit in the U.S. District Court for the Southern District of California, alleging Randstad Engineering, a division of Randstad Professionals US, LP ("Randstad"), failed to pay him and other similarly-situated employees overtime as required by federal and California law (the "Lawsuit").  Mr. Haukland asserts these claims as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of a proposed group of employees who had worked for Randstad, including you.

Randstad has, at all times, disputed Mr. Haukland's claims and has consistently maintained that he and the individuals whom he sought to represent were paid appropriately.

The Court has not reached any conclusions about the merits of the case, and there has been no finding of wrongdoing by Randstad.  If this matter were to proceed in litigation, Randstad would continue to assert the defenses that it has stated to Mr. Haukland's claims.

| Why am I receiving this notice? |
|---|

In order to avoid the continued expense and uncertainties of litigation, and after extensive negotiations, the parties have agreed to a resolution of the claims that Mr. Haukland has asserted in the Lawsuit.

1

**Exhibit C**
**Ex. Page 24**

The Court has granted preliminary approval of the Settlement. Therefore, members of a settlement class that includes individuals employed by Randstad Engineering in Connecticut, Illinois, Iowa, Maryland, Pennsylvania, New York, South Carolina or Utah and who were paid at "straight time" rates for hours worked in excess of 40 in a week may elect to participate in the Settlement.  Those eligible individuals who elect to participate in the Settlement may join the Lawsuit and may receive payments based on a formula established by the parties' agreement.

## What is the proposed settlement?

The following is a summary of the settlement provisions reached between the parties to the Lawsuit (the "Settlement").  The specific and complete terms of the proposed settlement are stated in the Class and Collective Action Settlement Agreement and Release of Claims and any amendment thereto (the "Settlement Agreement"), a copy of which is filed with the Clerk of the Court, and which is also available from the Claims Administrator at the address and phone number listed below.

Pursuant to the Settlement Agreement, Randstad has agreed to pay to members of the FLSA Collective who opt into the lawsuit and submit valid and timely Claim Forms under a formula that will be proportionally allocated based on the actual overtime hours worked and the individual collective member's hourly rate during the Claims Period, as reflected in Defendant's records.  Any overtime hours worked more than years prior to the date that the FLSA Collective member submits his or her opt-in consent form will be excluded from that opt-in's settlement payment.

In addition, Randstad has agreed not to contest the payment of an enhancement award of up to $15,000 to the class representative, Heath Haukland, and the payment of Class Counsel's attorneys' fees of up to 33 1/3% the maximum settlement amount and reimbursement of costs already expended up to $25,000.  The fees incurred by the Claims Administrator in administering the class settlement also will be paid from the settlement amount.

Randstad has agreed to pay all valid and timely claims from individuals who timely file a consent to join notice and a claim form that are submitted to the Claims Administrator in accordance with the terms of the Settlement Agreement, after final approval of the class action settlement.  These settlement payments will be distributed by the Claims Administrator approximately 30 days after the effective date of the final approval, provided there is no appeal of the Court's final approval of the class action settlement.

Your potential share of the settlement is approximately ___.  Your share is an estimate and is subject to change.  This estimate is based on a formula that proportionally allocates settlement payments based on the actual overtime hours you worked and your hourly rate during the Claims Period, as reflected in Randstad's records.  According to Randstad's records, you worked a total of ___ weeks for Randstad Engineering in Connecticut, Illinois, Iowa, Maryland, Pennsylvania, New York, South Carolina or Utah and were paid at "straight time" rates for hours worked in excess of 40 in a week between February 19, 2012 and June 30 2014.  If you believe that Randstad's records regarding the total number of weeks you worked during the relevant time period in the relevant states, you may contact the Claims Administrator at the number provided

**Exhibit C**
**Ex. Page 25**

below to provide documentation and an explanation to the Claims Administrator to show different relevant dates of employment. This may result in an increase of you share, however, if there is a dispute, Randstad's records control.

Class Members will be required to keep the Claims Administrator updated of any changes in address until receipt of their Settlement payment.

Class Counsel's application for an award of attorney's fees and costs will be filed by [date], and may be examined in person at the U.S. District Court, Southern District of California, Office of the Clerk, 333 West Broadway, Suite 420, San Diego, CA, 92101, between the hours of 10:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays, or online at <www.pacer.gov>.   You also may obtain a copy of the application from the Claims Administrator at the address and phone number listed below.

## What are My Options?

1.      You may elect to join the Lawsuit, participate in the parties' Settlement, and release claims against Randstad and its affiliates by completing the attached Consent to Join Litigation, Claim Form and Release ("Claim Form").  Doing so will make you eligible for a payment, if you are determined to be an eligible participant in the settlement.  If you sign the Claim Form, you also will permanently extinguish any and all claims that you may have against Randstad and its affiliates pertaining to hours of work, payment of wages and other wage and hour claims.  **If you elect to join the lawsuit and participate in the Settlement, you must return the attached Consent to Join Litigation, Claim Form and Release prior to** [insert 60 days from mailing of notice].

2.      You may do nothing and thereby decline to join the Lawsuit or participate in the Settlement.  If you do not join the Lawsuit, you will not be eligible for any payment in conjunction with the parties' Settlement.  You will not be deemed a party to the Lawsuit, and you will not release your rights under the federal FLSA.

## No Retaliation

Whether you are a current or former employee of Randstad, your decision to participate in the Settlement or not participate in the Settlement will in no way affect your employment, or prospects for future employment, with Randstad.

## Do I Need an Attorney?

You are not required to retain an attorney, regardless of whether you choose to join the Lawsuit and participate in the settlement.  If you sign the Claim Form, you will be represented by Mr. Haukland's attorneys, who have been appointed "Class Counsel" and will represent the interests

**Exhibit C**
**Ex. Page 26**

of the members of the settlement class.  Mr. Haukland's attorneys are Richard J. Burch, Bruckner Burch PLLC, 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, (713) 877-8788, and Christopher A. Olsen, Olsen Law Offices, APC, 1010 Second Avenue, Suite 1835, San Diego, California 92101, (619) 550-9352.

Any attorneys' fees payable to Class Counsel will be paid out of the settlement funds.  You will not be charged fees for the services of Class Counsel, regardless of whether you choose to join the Lawsuit or participate in the settlement.

If you choose to consult or retain another attorney, you may do so at your own expense.

## Final Approval of the Settlement

A hearing on final Court approval of the settlement has been set for [DATE], at [TIME] in Courtroom 15-A of the U.S. District Court Annex, Southern District of California, located at 333 West Broadway, San Diego, California 92101.  The hearing may be continued (moved to another date) without further notice to the Settlement Class.  It is not necessary for you to appear at the final approval hearing.

## Who can Answer Questions about the Settlement?

For more information about the settlement, or to obtain copies of the settlement agreement or the application for attorneys' fees (once it is available), you may contact the Claims Administrator or Class Counsel at:

Claims Administrator: *Haukland v. Randstad Engineering*
c/o [Insert Claims Administrator]

Class Counsel:
Richard J. Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(800) 443-2441
rburch@brucknerburch.com

## Please do not contact the Court regarding this matter.

The Court's staff cannot provide legal advice or answer any questions regarding this matter.  If you have questions, please contact the Settlement Administrator or Class Counsel.

**Exhibit C**
**Ex. Page 27**

[CLAIM FORM – FLSA Collective Member]

**CONSENT TO JOIN LITIGATION, CLAIM FORM & RELEASE**

*Haukland v. Randstad Engineering*
U.S. District Court, Southern District of California, Case Number 3:14-cv-00145-H (DHB)

As described in the attached Notice of Settlement of Collective Action Lawsuit ("Notice"), you may be eligible to participate in a settlement (the "Settlement") reached between the parties in a lawsuit captioned *Haukland v. Randstad Engineering*, U.S. District Court, Southern District of California, Case Number 3:14-cv-00145-H (DHB) (the "Lawsuit").

**This is your Consent to Join Litigation, Claim Form & Release ("Claim Form") as discussed in the Notice.  In order to receive money in conjunction with the Settlement, you must sign, date and return this Claim Form to the Claims Administrator no later than [insert 60 days from mailing of notice].**

**DO NOT ALTER THIS CLAIM FORM IN ANY WAY.**  Claim Forms that are altered, unsigned, or untimely will be invalid and may preclude you from participating in the Settlement.

<u>**RELEASE OF CLAIMS**</u>

By signing below, I hereby fully, forever, irrevocably and unconditionally release, remise, and discharge Randstad Engineering and Randstad Professionals US, LP, and any of their current or former subsidiaries, parent entities, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, and those plans' respective trustees, administrators, and fiduciaries (collectively "Releasees"), from any and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, punitive damages, interest, and attorneys' fees and expenses, whether known or unknown.  This includes all claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and any applicable state laws (*e.g.*, claims under any state statute, regulation, or for breach of contract and/or quantum meruit).  This release shall apply to claims arising between February 19, 2012 and June 30, 2014. This release shall not include any claims for personal injuries, claims for retirement benefits, or claims unrelated to purported violations of federal or state wage and hour laws.

<u>**CONSENT TO JOIN LITIGATION**</u>

By signing below, I consent to join the Lawsuit as a Party Plaintiff pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of participating in the parties' Settlement, and I hereby authorize Class Counsel to file this Claim Form with the U.S. District Court for the Southern District of California in this Lawsuit.

I understand my estimated share of the Settlement is $_____, but that this amount is an estimate and my final share may be more or less than the amount listed here.

By signing below, I agree to both the <u>Release of Claims</u> and the <u>Consent to Join Litigation</u> provisions described above.

_____          _____
Signature                                                                      Date

**Exhibit C**
**Ex. Page 28**

2

**Exhibit C**
**Ex. Page 29**